UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| DAVID L. SHELTON,<br><br>　　　　　　　　　　Plaintiff,<br>　　v.<br>MICHAEL MINEV, *et al.*,<br>　　　　　　　　　　Defendants. | Case No. 3:19-cv-00420-MMD-CSD<br><br>ORDER |

**I.　SUMMARY**

*Pro se* Plaintiff David L. Shelton, who is an inmate in the custody of the Nevada Department of Corrections ("NDOC"), brings this action under 42 U.S.C. § 1983 regarding alleged deliberate indifference to his serious medical (dental) needs and retaliation while incarcerated at the Lovelock Correctional Center ("LCC"). (ECF No. 4.) Before the Court is a Report and Recommendation ("R&R") of United States Magistrate Judge William G. Cobb (ECF No. 65),[1] recommending the Court grant Defendants Russelle Donnelly, Brian Egerton, Michael Minev, Catherine Yup, and Desiree Hultenschmidt's motion for summary judgment (ECF No. 57 ("Motion")). Shelton filed an objection to the R&R (ECF No. 67 ("Objection")) and Defendants filed a response to the Objection (ECF No. 68).[2] Because the Court agrees with Judge Cobb's analysis in the R&R, finds the Objection unpersuasive, and as further explained below, the Court will adopt the R&R and grant the Motion.

---

[1] Judge Cobb retired after he issued this R&R. (ECF No. 66.) United States Magistrate Judge Craig S. Denney now presides over this case. (*Id.*)

[2] Shelton also filed a reply in support of his objection. (ECF No. 69.) However, "[r]eplies will be allowed only with leave of court." LR IB 3-2(a). Shelton did not seek or obtain the Court's leave before filing his reply. The Court therefore declines to consider Shelton's reply and will direct the Clerk of Court to strike it.

## II. BACKGROUND

The Court incorporates by reference Judge Cobb's recitation of Shelton's allegations in his Complaint provided in the R&R along with the procedural history of this case, which the Court adopts. (ECF No. 65 at 1-3.) The Court also adopts from the R&R and incorporates by reference the legal standard applicable to Defendants' Motion (*id.* at 4-6), and Judge Cobb's description of the applicable evidence (*id.* at 7-11).

Judge Cobb generally recommends that the Court grant Defendants' Motion as to Shelton's Eighth Amendment deliberate indifference to serious medical needs claim because the evidence shows Defendants were not deliberately indifferent to his serious medical needs regarding his decaying teeth and related dental issues, and Hultenschmidt lacked authority to make decisions about Shelton's dental treatment. (*Id.* at 12-14.) Judge Cobb further recommends the Court grant Defendants' Motion as to Shelton's retaliation claim against Dr. Yup because there is no evidence that Dr. Yup rescheduled an appointment to a later date because Shelton filed grievances, though Judge Cobb also rejected Defendants' argument this claim was barred for failure to exhaust administrative remedies. (*Id.* at 14-18.)

## III. LEGAL STANDARD

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where a party timely objects to a magistrate judge's report and recommendation, then the Court is required to "make a de novo determination of those portions of the [report and recommendation] to which objection is made." *Id.* The Court's review is thus de novo as to the arguments Shelton raises in his Objection because Shelton filed his Objection. (ECF No. 67.)

## IV. DISCUSSION

Shelton raises several arguments in his Objection. While the Court finds none of them persuasive, the Court briefly addresses them below.

To start, Shelton generally argues that Judge Cobb misapplied the legal standard

governing motions for summary judgment. (ECF No. 67 at 4.) The Court disagrees. Judge Cobb carefully examined the evidence and found it does not support Shelton's allegations. The Court agrees with Judge Cobb's analysis provided in the R&R and will accept and adopt the R&R in full.

Shelton next seems to argue Judge Cobb overlooked certain evidence he submitted showing that he filed a grievance saying that it took him seven weeks to get a dental appointment and it is well-known at LCC that you must file a grievance to get a dental appointment. (*Id.* at 4-5.) However, Judge Cobb specifically described this grievance in the R&R (ECF No. 65 at 7-8) and ultimately explained Shelton did not provide any evidence to support the allegation contained therein (*id.* at 12-13). Thus, Judge Cobb explicitly considered but was not persuaded this piece of evidence Shelton proffered.

Shelton then argues that Judge Cobb erred in recommending the Court grant Defendants' Motion as to his retaliation claim against Dr. Yup because a jury could infer from the fact that Dr. Yup allegedly warned Shelton against filing unwarranted grievances and having his wife write more letters complaining about the dental treatment Shelton received that Dr. Yup rescheduled one of his appointments in retaliation for Shelton's filing of grievances. (ECF No. 67 at 5-6, 7, 9.) However, as Judge Cobb explained, Shelton does not dispute that Dr. Yup's stated reason for rescheduling the pertinent appointment was because her equipment was not operational. (ECF No. 65 at 17-18.) Shelton accordingly argues that her stated reason was a pretext but does not proffer any evidence to support his theory that the reason Dr. Yup gave Shelton was pretextual. (*See id.*) The Court agrees with Judge Cobb that Shelton proffered no evidence to support his theory that Dr. Yup's stated reason was pretextual and accordingly overrules Shelton's Objection to the extent based on this argument as well.

Shelton finally takes issue with Judge Cobb's conclusion Dr. Yup provided Shelton with constitutionally adequate dental care because she saw him at least once every two months or so, and sometimes much more frequently, relying on two cases from the Eighth Circuit Court of Appeals finding that delays in dental care of about three weeks and about

3

two months at least precluded summary judgment on the Eighth Amendment dental claims in those cases. (ECF No. 67 at 6 (first citing *Fields v. Gander*, 734 F.2d 1313 (8th Cir. 1984), then citing *Hartsfield v. Colburn*, 371 F.3d 454 (8th Cir. 2004).) While these cases do not bind this Court, they also do not persuade the Court that Judge Cobb erred in the R&R because they are distinguishable from the facts of this case in any event. In both cases, there was evidence that the defendants intentionally prevented the plaintiffs from seeing dentists for nonmedical reasons—in *Fields*, because the plaintiff had not paid a prior dental bill, *see* 734 F.2d at 1314-15, and in *Hartsfield*, because of the plaintiff's behavior, *see* 371 F.3d at 456. These cases are accordingly distinguishable from this case where Dr. Yup, a dentist, saw Shelton many times, and no other prison officials prevented Shelton from seeing Dr. Yup for nonmedical reasons.

In sum, the Court overrules Shelton's Objection because it finds the arguments therein unpersuasive. The Court accepts and adopts the R&R in full.

**V.  CONCLUSION**

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the issues before the Court.

It is therefore ordered that Shelton's Objection (ECF No. 67) to the Report and Recommendation of United States Magistrate Judge William G. Cobb is overruled. The Report and Recommendation (ECF No. 65) is accepted and adopted in full.

It is further ordered that Defendants' motion for summary judgment (ECF No. 57) is granted.

The Clerk of Court is directed to strike Shelton's reply (ECF No. 69) filed in support of his Objection for noncompliance with LR IB 3-2(a).

///

///

///

The Clerk of Court is further directed to enter judgment accordingly—in Defendants' favor—and close this case.

DATED THIS 21st Day of March 2022.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE